[Coat of arms of the Republic of Colombia]

REPUBLIC OF COLOMBIA
**MINISTRY OF FOREIGN AFFAIRS**

**DIAJI/GCE No. 1832**

The Ministry of Foreign Affairs – Office of International Legal Affairs – sends its cordial greetings to the Honorable United States Embassy and would like to discuss Letter OFI12-0010436-DVC-3000 of June 29, 2012, from the Ministry of Justice and Law, received at this office on July 3 of this year, along with Executive Resolution No. 238 of June 26, 2012, which granted, on the part of the Federal Government, the extradition of Mr. **JEISON ARCHBOLD**. This resolution provides as follows:

"[...]

> **ARTICLE ONE**: **Grant** the extradition of Colombian citizen **JEISON ARCHBOLD**, identified with National Identification Card No. 18.009.891, in order that he appear for trial before the United States authorities for the following charge:
>
> **Count Seven**: Attempt to distribute a Schedule II controlled substance (more than five kilograms of cocaine), with the knowledge that said controlled substance would be imported illegally into the United States, and aiding and abetting in said crime.
>
> The preceding count is mentioned in Indictment No. 11-20026-CR-MOORE, issued on January 7, 2011 in the United States District Court for the Southern District of Florida.
>
> **ARTICLE TWO**: **Deny** the extradition of Colombian citizen **JEISON ARCHBOLD** for **Count One** (Conspiracy to provide material support and resources, namely, grenade launchers, grenades, automatic rifles and other weapons to an international terrorist organization, the former United Self-Defense Forces of Colombia (AUC), with the knowledge that said organization had participated and was found to be participating in terrorist activities) and **[Count] Five** (Conspiracy to distribute a Schedule II controlled substance (more than five kilograms of cocaine), with the knowledge that said controlled substance would be imported illegally into the United States, pronounced January 7, 2011 in the United States District Court for the Southern District of Florida, in accordance with the indications in the grounds section of this Ruling.

/illegible signature/

| Received on |
| --- |
| 9 JULY 2012 |
| /illegible/ |

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

**ARTICLE THREE**: *Not to defer the surrender of this citizen in accordance with what is stated in the grounds section of this ruling.*

**ARTICLE FOUR**: *Order the surrender of citizen **JEISON ARCHBOLD** to the requesting State, under the agreement that this State will comply with the conditions established in Article 494, Paragraph Two, Law 906 of 2004, that is, that the requested citizen will not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishment, nor to exile, life imprisonment, or confiscation.*

**ARTICLE FIVE**: *Notify the requesting State that the extradited citizen may not be tried or convicted for a prior act different from the one that is the reason for this extradition, in accordance with the provisions of Paragraph One of Article 494 of Law 906 of 2004.*

*[...]"*

Furthermore, taking into account the communication from the Ministry of Justice and Law, a copy of which is attached, and in accordance with the orders in said Resolution, we request from the Government of the United States of America the guarantee discussed in said communication, in accordance with the provisions of Article 494, Paragraph Two, Law 905 of 2004, in accordance with the decision by the Full Panel of the Honorable Constitutional Court, Judgment C-1106 dated August 24 of the year 2000, in which it indicated that:

*"[...] the surrender of a person through extradition to the requesting State, when there is capital punishment in this State for the crime that was the grounds therefor, shall only be done under the condition of commutation of the sentence, as provided therein, and furthermore, on the condition that the extradited person will not be subjected to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishment, nor to exile, life imprisonment, or confiscation, in accordance with the provisions of Articles 11, 12, and 34 of the Political Constitution [...]"*

/illegible signature/

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

The Ministry of Foreign Affairs – Office of Legal Affairs – avails itself of this opportunity to reiterate the testimony of its utmost consideration to the Honorable Embassy of the United States of America.

Bogota, D.C., July 5, 2012
/illegible signature/

To the Honorable
Embassy of the
United States of America

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

DIAJI/GCE No. 1832

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales - saluda muy atentamente a la Honorable Embajada de los Estados Unidos de América y se permite cursar la Nota OFI12-0010436-DVC-3000 de 29 de junio de 2012, procedente del Ministerio de Justicia y del Derecho, recibida en esta Dirección el 3 de julio del año en curso, anexa a la cual obra la Resolución Ejecutiva No. 092 de fecha 17 de abril de 2012, confirmada por la Resolución Ejecutiva No. 238 de 26 de junio de 2012, mediante la cual se concedió, por parte del Gobierno Nacional, la extradición del señor **JEISON ARCHBOLD,** disposición que en lo pertinente prevé:

"[...]

***ARTÍCULO PRIMERO: Conceder*** *la extradición del ciudadano colombiano* ***JEISON ARCHBOLD****, identificado con la Cédula de Ciudadanía N° 18.009.891, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por el siguiente cargo:*

***Cargo Siete****: Intento de distribuir una sustancia controlada de la Lista II (más de cinco kilogramos de cocaína), con el conocimiento de que dicha sustancia controlada sería importada ilegalmente a los Estados Unidos, y ayuda y facilitación de dicho delito.*

*El anterior cargo se encuentra mencionado en la acusación No. 11-20026-CR-MOORE, dictada el 7 de enero de 2011 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida.*

***ARTÍCULO SEGUNDO: Negar*** *la extradición del ciudadano colombiano* ***JEISON ARCHBOLD*** *por los* ***Cargos Uno*** *(Concierto para suministrar apoyo material y recursos, a saber, lanzadores de granadas, granadas, rifles automáticos y otras armas, a una organización terrorista internacional, las antiguas Autodefensas Unidas de Colombia (AUC), con el conocimiento de que dicha organización había participado, y se encontraba participando, en actividades terroristas) y* ***Cinco*** *(Concierto para distribuir una sustancia controlada de la*

Received on
- 9 JUL. 2012

Case 1:11-cr-20026-KMM Document 97-1 Entered on FLSD Docket 10/01/2012 Page 5 of 6



REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

*Lista II (más de cinco kilogramos de cocaína), con el conocimiento de que dicha sustancia controlada sería importada ilegalmente a los Estados Unidos), mencionados en la acusación No. 11-20026-CR-MOORE, dictada el 7 de enero de 2011 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida, de conformidad con lo señalado en la parte motiva de la presente Resolución.*

**ARTÍCULO TERCERO:** *No diferir la entrega de este ciudadano de conformidad con lo expuesto en la parte motiva de la presente resolución.*

**ARTÍCULO CUARTO:** *Ordenar la entrega del ciudadano* **JEISON ARCHBOLD** *al Estado requirente, bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

**ARTÍCULO QUINTO:** *Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004.*

[...]"

Así mismo y teniendo en cuenta la comunicación del Ministerio de Justicia y del Derecho, de la cual anexo copia, y de conformidad con lo ordenado en la citada Resolución, se solicita al Gobierno de los Estados Unidos de América, la garantía de que trata esa comunicación, de acuerdo con lo ordenado en el inciso 2º del artículo 494 de la Ley 906 de 2004, en concordancia con lo resuelto por la Sala Plena de la Honorable Corte Constitucional, Sentencia C-1106 de fecha 24 de agosto del año 2000, en la cual señaló que:

"[...] *la entrega de una persona en extradición al Estado requirente, cuando en este exista la pena de muerte para el delito que la motiva, sólo se hará bajo la condición de la*





REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

*conmutación de la pena, como allí se dispone, e igualmente, también a condición de que al extraditado no se le someta a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes ni a las penas de destierro, prisión perpetua y confiscación conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política [...]"*

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales – hace propicia la oportunidad para reiterar a la Honorable Embajada de los Estados Unidos de América las seguridades de su más alta y distinguida consideración.

Bogotá, D.C., 5 de julio de 2012

A LA HONORABLE
**EMBAJADA DE LOS ESTADOS
UNIDOS DE AMÉRICA**
Ciudad