Republic of Colombia
[Coat of arms of the Republic of Colombia]

Ministry of Justice and Law

Resolution Number 238 of
June 26, 2012

Whereby a motion for reconsideration against Executive Resolution No. 092 of April 17,
2012 is decided

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**
In exercise of the power conferred by Article 491 of Law 906 of 2004, and pursuant to the
provisions of Article 50 of the Code of Administrative Procedure, and

**WHEREAS:**

1. Through Executive Resolution No. 092 of April 17, 2012, the federal government
granted the extradition of Colombian citizen **JEISON ARCHBOLD**, identified with
National Identity Card No. 18.009.891, to appear for trial before the United States
authorities for **Count Seven** [Attempt to distribute a Schedule II controlled substance
(more than five kilograms of cocaine), with the knowledge that said controlled substance
would be imported illegally into the United States, and aiding and abetting in said crime],
and it denied it for **Counts One** (Conspiracy to provide material support and resources,
namely, grenade launchers, grenades, automatic rifles and other weapons to an
international terrorist organization, the former United Self-Defense Forces of Colombia
(AUC), with the knowledge that said organization had participated and was found to be
participating in terrorist activities) and **Five** (Conspiracy to distribute a Schedule II
controlled substance (more than five kilograms of cocaine), with the knowledge that said
controlled substance would be imported illegally into the United States), mentioned in
indictment No. 11-20026-CR-MOORE, pronounced January 7, 2011 in the United States
District Court for the Southern District of Florida.

In said administrative act, the federal government, in exercise of its discretionary power
granted it by law, decided to not defer the surrender of this citizen by reason of the
sentence imposed on him by the Sole Criminal Court of the Specialized Circuit of
Cartagena, Bolivar, through an early judgment pronounced December 29, 2010, as the
perpetrator of the crime of conspiracy to commit an aggravated crime and the
investigation conducted by the same judicial authority for the commission of the crimes of
manufacture, trafficking, and carrying of weapons that are for the exclusive use of the
armed forces in the course of the trafficking, manufacturing, or carrying of narcotics.

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

RESOLUTION 238 OF

Page 2 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

2. In accordance with the provisions of Article 44 of the Code of Administrative Procedure, the foregoing decision was personally served on the requested citizen's defense attorney on April 26, 2012, who was informed that he could file a motion for reconsideration within five (5) days of the personal service.

3. Within the legal term, Mr. **ARCHBOLD'S** defense attorney, through a document filed May 3, 2012 with the Ministry of Justice and Law, filed a motion for reconsideration against executive Resolution No. 092 of April 17, 2012, in order that it be overturned or, in the alternative, its execution be deferred.

4. Said motion is based on the following arguments:

It claims that the request for the extradition of Mr. **JEISON ARCHBOLD** does not satisfy the principle of double incrimination nor the requirement of equivalence of the ruling proffered abroad with the accusation pronounced in Colombia, presuppositions established in Article 502 of Law 906 of 2004 for the application of this international cooperation mechanism to be lawful.

In this regard, the appellant warns that in Colombia the conduct referred to in count seven of the indictment pronounced in the requesting state against the citizen in question is not contemplated as a crime, and therefore, within the description given in Article 376 of the Penal Code of the crime of "The trafficking, manufacturing, or carrying of narcotics," the act of **"distributing"** a narcotic substance is not provided.

It also indicates that the criminal act set forth in article 376 of the Colombian Penal Code is one of instantaneous execution, which does not allow the attempt, unlike the conduct referred to in the charge made in the United States against Mr. **JEISON ARCHBOLD**.

It concludes that the criminal rule that supports count seven of indictment No. 11-20026-CR-MOORE, pronounced January 7, 2011 in the United States District Court for the Southern District of Florida, is not equivalent to the rule of the Colombian Penal Code that defines the crime of drug trafficking and "therefore the accusations filed in the two countries are not equivalent either," contrary to the claim by the Supreme Court of Justice, which makes the granting of Mr. **JEISON ARCHBOLD's** extradition unconstitutional, and therefore it must be overturned.

Furthermore, the appellant maintains that, given that the crime contained in count seven of the indictment that was the grounds for the request for extradition submitted by the United States of America against Mr. **JEISON ARCHBOLD**, is punishable, in the criminal provisions of that country, with a maximum penalty of life imprisonment, which is prohibited by the Political Constitution of Colombia, it is appropriate to reverse the decision in question, also for that reason.

> MINISTRY OF JUSTICE AND LAW
> OFFICE OF THE GENERAL SECRETARIAT
> This is a true and correct copy of the original
> on file in the archives of this Ministry.
> /illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 3 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

It indicates that the Supreme Court of Justice has established that extradition must be limited, among others, to the condition of excluding the sentence of life imprisonment for an extradited citizen, by reason of the fact that this sentence is excluded from our legal system, by constitutional mandate.

It warns about cases of Colombian citizens and of foreigners extradited to the United States of America, on whom life imprisonment has been imposed, unaware of the conditions of the requested country for granting extradition. It adds that, in other cases, the imposition of severe penalties on persons of advanced age constitutes in practice the imposition of life imprisonment.

It claims that there is no guarantee that the same thing will not happen to Mr. **JEISON ARCHBOLD** as to the aforementioned citizens, and therefore it insists that the decision to grant his extradition should be reversed.

The appellant supplementally requests that, in the event that the decision to extradite his client is not reversed, the federal government defer his surrender until he is tried in our country and he serves any sentence imposed on him, or until, through termination of the investigation phase or an acquittal, the case for drug trafficking and arms trafficking brought against him in Colombia is terminated, thus respecting his fundamental rights to a defense and rebuttal, to due process and to the presumption of innocence.

5. In connection with the arguments set forth in the motion, the federal government holds:

Within the processing of requests for extradition, the state authorities that intervene have clear and precise competencies, which, by virtue of the due process governing said procedure and the principle of legality, set forth in Article 29 of the Political Constitution, cannot be disregarded by any of said authorities.

In this regard, the Constitutional Court has said:

> "The Constitutional Court has held that, *"...administrative due process has been defined as the legal regulation that first limits the powers of the state and establishes the guarantees of protection of the rights of those governed, in such a way that none of the actions of the public authorities will depend on their own discretion, but rather are found to be always subject to the procedures indicated in law. Administrative due process, set forth as a fundamental right in Article 29 of the Political Constitution, becomes a manifestation of the principle of legality, according to which every competence exercised by the public authorities must be first indicated in law, as well as the functions that devolve upon them and the procedures to follow before a given decision is adopted (Penal Code, Articles 4 and 122)*[2]
> (emphasis ours)

-----

[2] See Sentence T-982, 2004, presiding Judge Rodrigo Escobar Gil

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 4 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

Thus, according to the current criminal procedural statutes, once a request for extradition is received, it devolves upon the Ministry of Foreign Affairs to issue an opinion on the law that must govern the procedure, upon the Supreme Court of Justice to issue a pronouncement on the viability of extradition, and upon the federal government, when the Court's opinion is favorable, to decide discretionally on the granting of the requested extradition.

With this understanding, the competence to review and study compliance with the requirements imposed by criminal procedural provisions to determine the validity of a request for extradition falls exclusively to the Criminal Cassation Division of the Supreme Court of Justice.

In this case, given that it is a request for extradition from the United States government, the Criminal Cassation Division of the Supreme Court of Justice, in the extradition processing stage that takes place in that body, was assigned the task of verifying compliance with the formal requirements established in Article 502 of Law 906 of 2004, as well as the constitutional presuppositions established for that purpose.

For this purpose, the Court had to review the "formal validity of the documentation submitted" by the United States of America, the "full proof of the identity of the requested person," "double incrimination", and the equivalency of the order issued abroad with the Colombian charging decision.

On this occasion, the Criminal Cassation Division of the Supreme Court of Justice found that the formal requirements imposed by law for extradition of the citizen in question for count seven of indictment No. 11-20026-CR-MOORE, pronounced January 7, 2011 in the United State District Court for the Southern District of Florida, to be valid were proven.

Having reviewed the opinion issued by the Criminal Cassation Division, it was noted that, in view of the compliance with the principle of double incrimination on the part of the extradition request submitted by the United States government, and in particular with respect to count seven of the indictment that is the grounds for said request, the High Court indicated:

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 5 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

### "4. Double Incrimination principle

*(...)*

*"Given that **Count Seven** of the indictment that Is the reason for the claim of citizen Jeison Archbold by the United States authorities includes activities directly aimed at attempting to distribute (it is charged in terms of what the translation likens to an attempt) a narcotic substance in that country, that is, at activities directed towards carrying out the crime of drug trafficking and that said conduct is described in Articles 376 of the Penal Code (amended by Art. 11 of Law 1453 of 2011), with a sanction of from 128 to 360 months (double of the minimum pursuant to Article 384.2 of the Penal Code), without the sanction being less than four years, because it is conduct charged as an attempt (Art. 27 id.), where, in relation to this charge the principle of double incrimination is fully satisfied, because Jeison Archbold has not been convicted in our country for that crime, as the defense attorney himself indicates when stating that at present 'he is defending himself from the crimes of manufacturing, trafficking, and carrying weapons of the armed forces and aggravated trafficking, manufacturing, or carrying narcotics.'"* (emphasis added)

In connection with the equivalency between the indictment or accusation pronounced by the judicial authority of the requesting State and the charging resolution issued in our country, a requirement imposed in Articles 493 and 502 of Law 906 of 2004, the high court of the Ordinary Court System indicated:

### "5. Equivalency of the accusation in the Colombian system

*In this regard, it has been held that, certainly, the list of charges issued by the judicial authorities in the United States of America corresponds to the charging document of the Colombian criminal system, with the understanding that the former order establishes the determinant judicial and factual framework of the case, inasmuch as it contains a specific narration in its factual, legal, and personal aspects of the conduct under investigation, with a full indication of the circumstances of place, time, and manner that specifies it, and it allows the requested person to assume his defense prior to the issuance of a judgment.*

*"This being the case, it is a fact that the criminal activity that is the subject of indictment No. 11-20026-CR-MOORE, pronounced January 7, 2011 in the United States District Court for the Southern District of Florida, which expresses the charges against the person in question, appears to be equivalent to the charging document of the Colombian criminal legal system, thereby also satisfying this presupposition."* (Emphasis added)

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 6 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

Having examined the legal evaluation performed by the Criminal Cassation Division of the Supreme Court of Justice of the request for the extradition of Mr. **JEISON ARCHBOLD**, which includes verification of compliance with the requirements established in Article 502 of Law 906 of 2004, in addition to the review of the constitutional, legal, and or contractual grounds for invalidity, it is noted that the appellant's approaches lack support and therefore cannot lead the federal government to change the decision adopted.

Additionally, this is not the occasion for arguing about the statement by the Supreme Court of Justice in its opinion and insisting on obtaining a new pronouncement regarding a legal aspect that was already the subject of study, because it is not appropriate to use the motion for reconsideration as an instrument for disregarding the opinion issued by the Criminal Division of the Supreme Court of Justice and converting the federal government into a level of jurisdiction for reviewing the decisions of that high court.

In this regard, the Criminal Cassation Division of the Supreme Court of Justice in the opinion issued November 29, 1983, written by Justice Alfonso Reyes Echandia, stated:

> "*Intervention by this Division takes place mainly to perform a comparison between the documents provided by the requesting state and the rules of the respective convention, or alternatively of national legislation, to determine whether it fully conforms to these rules, in which case the opinion will be in favor of extradition, or if they do not, it will issue an opinion against. Faced with that pronouncement by the Court, the government shall decide on the request for extradition in a resolution that must be negative if that was the opinion of the Court, but which may be favorable or unfavorable when said opinion is positive; in which case the governmental resolution denying the extradition must be based on reasons of <u>national interest</u>, as specified in Subparagraph 2 of Article 748 of the Code of Criminal Procedure applicable as a supplement to the provisions of No. 2 of Article 12 of the Treaty that demands the reasons for "total or partial denial of a request for extradition." And if the Court in its opinion has already done –as it should– a legal examination of the issue, it is not the task of the government to reconsider this aspect, not to mention basing its decision against extradition on legal considerations contrary to those used by the Court in issuing its favorable opinion; if this were the case, the Division's prior pronouncement would be unnecessary, in addition to being subjected to a level of administrative review not established in any treaty or law. The governmental power to choose to grant or deny extradition when the Court's opinion is favorable is undeniable, clear, and necessary, of course, but it is a political decision because it is autonomous and related only to sovereign considerations of national interest; only in this way are the judicial and administrative spheres respected that harmoniously concur in the examination and decision in this area.*" (Emphasis added)

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/Illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 7 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

This being the case, it does not devolve upon the federal government --as the defense attorney would like-- to depart, through a ruling on a motion for reconsideration, from the opinions and the interpretation done by the Supreme Court of Justice on given legal aspects within the handling of a request for extradition. On the contrary, before attempting to contradict or reevaluate them, they are used by the federal government as a legal support for adopting an essentially discretionary decision, which involves legal aspects that cannot be disregarded.

With respect to the defense attorney's questioning, indicating that the request for extradition concerns a crime with a maximum penalty in the requesting country of life imprisonment, it is important to point out that the federal government, aware of that situation, has conditioned its surrender on the requesting nation's formal commitment, in the event that he is found guilty of the charge for which his extradition is granted, to not impose said sentence.

Therefore, in Article Three of Executive Resolution No. 092 of April 17, 2012, the federal government subjected surrender of this citizen to the United States government's prior commitment to not subject him to "forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishment, nor to exile, **life imprisonment**, or confiscation, in accordance with the provisions of Articles 11, 12, and 34 of the Political Constitution."

This is in accordance with the orders of the second subparagraph of Article 494 of Law 906 of 2004.

It should be pointed out that the Criminal Cassation Division of the Supreme Court of Justice, in an opinion issued April 25, 2007, ruled on this subject as follows:

> *"Concerning these particular considerations, the Court should point out that the right to life is inviolable and capital punishment and life imprisonment are banned, by express provision of Articles 11 and 34 of the Constitution. Nevertheless, no violation of this country's legal system causes the Court to issue an opinion in favor of extradition, even under the circumstances such as those mentioned by the defense attorney.*
>
> *(...)*

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 8 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

> *"Now, the situation that decides the defense's request, consisting of the fact that the conduct attributed to ... are sanctioned in the United States with imprisonment that could become life imprisonment and even the imposition of capital punishment, has been established and regulated by the legislation in Paragraph 2 of Article 512 of the Code of Criminal Procedure.*

> *"The Constitutional Court, in deciding the constitutionality of Paragraph 2 of Article 550 of the Code of Criminal Procedure (Order 2700 of 1991), the content of which copied the second paragraph of said Article 512, indicated that*

> *'Then, if extradition is granted, it not only must be understood that, in the event that there is capital punishment in the requesting nation, the surrender will be done under the condition of its commutation, but, also with the understanding that the extradited person may not be subjected to torture, cruel treatment or punishment, forced disappearance, nor degrading or inhumane treatment, which is why the constitutionality declared in Article 550 of the Code of Criminal Procedure must be conditioned thus.'*[2]

> ***As is warned without any difficulty, our legal system, through the aforementioned provision, the constitutionality of which was declared under the conditions referred to in the cited decision, allows the surrender of nationals even when they are charged with conduct sanctioned with life imprisonment or capital punishment.*** *This being the case, if the Court issues its opinion with strict adherence to its regulated competence, even if it is in favor of extradition, in no way does it violate the Political Constitution or internal legislation."*[3] (Emphasis added)

According to the statement of the Criminal Cassation Division of the Supreme Court of Justice in the opinion cited and partially quoted, it is clear to the federal government that criminal procedural law, without contradicting any constitutional provision, authorizes extradition for crimes that in the requesting nation have as their sanction life imprisonment, provided that an express and formal commitment is obtained from the requesting government that said sanction will not be imposed on the extradited citizen.

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

RESOLUTION 238 OF

---

[2] CONSTITUTIONAL COURT, Judgment C-1106 of 2000. August 24, 2000.
[3] SUPREME COURT OF JUSTICE. Criminal Cassation Division, Opinion of April 25, 2007. Processing of extradition of Jose Hernando Rodriguez Erazo.

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 9 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

In connection with the appellant's motion to postpone the surrender of the requested citizen until the criminal case in Colombia for the crimes of manufacturing, trafficking and carrying weapons that are for the exclusive use of the armed forced concurrent with trafficking, manufacturing and carrying narcotics, is terminated, the federal government, in exercise of the discretionary power granted to it by Article 504 of Law 906 of 2004, we will refrain from granting it.

This is because the extradition of a citizen against whom there is a criminal case in progress in Colombia does not constitute, contrary to the appellant's claims, a disregard for his rights to defense, rebuttal, due process, or the presumption of innocence, because Colombian criminal procedural law ensures him that, in the process in our country, he will at all times be represented either by an attorney of his choosing or, lacking that, by an attorney appointed by the national public defender system, who may make use of all the tools provided by the Code of Criminal Procedure to fully exercise the defense of his interests.

In this same sense, it is necessary to point out that the Colombian judicial authorities have the mechanisms of international judicial cooperation whereby investigations can continue, those guilty of punishable acts can be tried and punished, with the receipt of statements, testimony, the delivery of documents and in general the obtaining of evidence of interest in the course of the criminal processes.

Accordingly, the federal government, in exercise of the discretionary power granted it by law, shall uphold the decision to surrender the citizen in question once the requesting nation offers the formal commitment to abide by the conditions imposed for the extradition.

Therefore,

### IT RESOLVES:

**ARTICLE ONE**: To uphold Executive Resolution No. 092 of April 17, 2012, whereby the extradition of Colombian citizen JEISON ARCHBOLD was granted, in accordance with the indications in the grounds section of this resolution.

**ARTICLE TWO.** To order the service of process of this decision on the requested citizen or on his legal representative, informing him that there is no recourse whatsoever against this decision, the governmental procedure being thus exhausted.

> MINISTRY OF JUSTICE AND LAW
> OFFICE OF THE GENERAL SECRETARIAT
> This is a true and correct copy of the original
> on file in the archives of this Ministry.
> /illegible signature/

RESOLUTION 238 OF

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

Page 10 of the resolution whereby a motion for reconsideration against Executive Resolution No. 092 of April 17, 2012 is decided

**ARTICLE THREE**: To order the sending of a copy of this administrative act to the Office of International Legal Affairs of the Office of Immigration, Consular, and Citizen Service Affairs of the Ministry of Foreign Affairs, to the Sole Criminal Court of the Specialized Circuit of Cartagena, and to the Attorney General of the Nation, for their respective competencies.

**ARTICLE FOUR**: This Resolution shall govern starting the date notice hereof is served.

For **publication** in the Official Gazette, for **service of process** on the requested citizen or on his legal representative, for **distribution** to the Ministry of Foreign Affairs, to the judicial authority, and to the Office of the Prosecutor General, **so ordered**.

Issued in Bogota, D.C., on June 26, 2012

/illegible signature/

THE MINISTRY OF JUSTICE AND LAW

/illegible signature/

JUAN CARLOS ESGUERRA PORTOCARRERO

MINISTRY OF JUSTICE AND LAW
OFFICE OF THE GENERAL SECRETARIAT
This is a true and correct copy of the original
on file in the archives of this Ministry.
/illegible signature/

CERTIFIED TRANSLATION
PREPARED BY
SEVEN LANGUAGES, INC.

**REPÚBLICA DE COLOMBIA**



**MINISTERIO DE JUSTICIA Y DEL DERECHO**

RESOLUCIÓN NÚMERO  238        DE

# 26 JUN 2012

Por la cual se decide el recurso de reposición interpuesto
contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA**

en ejercicio de las facultades que le confiere el artículo 491 de la Ley 906 de 2004,
conforme a lo previsto en el artículo 50 del Código Contencioso Administrativo, y

**CONSIDERANDO:**

1.     Que mediante Resolución Ejecutiva N° 092 del 17 de abril de 2012, el
Gobierno Nacional concedió la extradición del ciudadano colombiano **JEISON
ARCHBOLD**, identificado con la Cédula de Ciudadanía N° 18.009.891, para que
comparezca a juicio ante las autoridades de los Estados Unidos de América por el
**Cargo Siete** [Intento de distribuir una sustancia controlada de la Lista II (más de
cinco kilogramos de cocaína), con el conocimiento de que dicha sustancia
controlada sería importada ilegalmente a los Estados Unidos, y ayuda y facilitación
de dicho delito], y la negó por los **Cargos Uno** [Concierto para suministrar apoyo
material y recursos, a saber, lanzadores de granadas, granadas, rifles automáticos y
otras armas, a una organización terrorista internacional, las antiguas Autodefensas
Unidas de Colombia (AUC), con el conocimiento de que dicha organización había
participado, y se encontraba participando, en actividades terroristas] y **Cinco**
[Concierto para distribuir una sustancia controlada de la Lista II (más de cinco
kilogramos de cocaína), con el conocimiento de que dicha sustancia controlada
sería importada ilegalmente a los Estados Unidos], cargos mencionados en la
acusación No. 11-20026-CR-MOORE, dictada el 7 de enero de 2011 en la Corte
Distrital de los Estados Unidos para el Distrito Sur de Florida.

En el citado acto administrativo el Gobierno Nacional resolvió, en uso del poder
discrecional que la ley le otorga, no diferir la entrega de este ciudadano en razón a
la condena a él impuesta por el Juzgado Único Penal del Circuito Especializado de
Cartagena, Bolívar, mediante sentencia anticipada dictada el 29 de diciembre de
2010, como autor del delito de Concierto para delinquir agravado y a la
investigación que se le adelanta por la misma autoridad judicial, por la comisión de
los delitos de fabricación, tráfico y porte de armas de uso Privativo de las fuerzas
militares en concurso con tráfico, fabricación o porte de estupefacientes.

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL
Es copia del original que reposa en los archivos
de esta Secretaría

RESOLUCIÓN NÚMERO 230 DE

Hoja 2 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva Nº 092 del 17 de abril de 2012".

---

2. Que de conformidad con lo dispuesto en el artículo 44 del Código Contencioso Administrativo, la anterior decisión se notificó personalmente al abogado defensor del ciudadano requerido el 26 de abril de 2012, a quien se le informó que podía interponer recurso de reposición dentro de los cinco (5) días siguientes a la diligencia de notificación personal.

3. Que estando dentro del término legal, el defensor del señor **ARCHBOLD**, mediante escrito radicado el 3 de mayo de 2012 en el Ministerio de Justicia y del Derecho, interpuso recurso de reposición contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012, con el fin de que sea revocada o, en subsidio, se difiera su ejecución.

4. Que el mencionado recurso está fundamentado en los siguientes argumentos:

Afirma que la solicitud de extradición del señor **JEISON ARCHBOLD** no cumple el principio de la doble incriminación ni el requisito de equivalencia de la providencia proferida en el extranjero con la resolución de acusación dictada en Colombia, presupuestos establecidos en el artículo 502 de la Ley 906 de 2004 para que sea procedente la aplicación de este mecanismo de cooperación internacional.

En ese sentido advierte el recurrente que en Colombia no está contemplada como delito la conducta referida en el cargo siete de la acusación dictada en el Estado requirente en contra del ciudadano requerido, por cuanto que dentro de la descripción que realiza el artículo 376 del Código Penal del delito de "*Tráfico, fabricación o porte de estupefacientes*", no está previsto el hecho de "*distribuir*" sustancia estupefaciente.

Indica, así mismo, que las conductas delictivas enunciadas en el artículo 376 del Código Penal colombiano, son de ejecución instantánea, que no admiten la tentativa, a diferencia de la conducta a que hace alusión el cargo imputado en los Estados Unidos de América al señor **JEISON ARCHBOLD**.

Concluye que la norma penal que sustenta el cargo siete de la acusación No. 11-20026-CR-MOORE, dictada el 7 de enero de 2011 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida, no es equivalente a la norma del Código Penal colombiano que tipifica el delito de tráfico de estupefacientes, y "*por tanto tampoco son equivalentes las acusaciones formuladas en ambos países*", contrario a lo afirmado por la Corte Suprema de Justicia, lo que hace improcedente e inconstitucional la concesión de la extradición del señor **JEISON ARCHBOLD**, por lo que debe ser revocada.

Por otra parte, sostiene el recurrente que dado que el delito contenido en el cargo siete de la acusación que motiva la solicitud de extradición presentada por el Gobierno de los Estados Unidos de América en contra del señor **JEISON**

MINISTERIO DE JUSTICIA Y DEL DERECHO
Y SECRETARÍA GENERAL
[ilegible] que reposa en los archivos
de esta dependencia

RESOLUCIÓN NÚMERO   238   DE

Hoja 3 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012".

--------------------------------------------------------------------------------

**ARCHBOLD**, tiene prevista, en la normatividad penal de ese país, como pena máxima la cadena perpetua, la cual está prohibida por la Constitución Política de Colombia, resulta pertinente que se revoque, también por ese motivo, la decisión impugnada.

Señala que la Corte Suprema de Justicia ha establecido que la extradición debe ceñirse, entre otros, al condicionamiento de excluir la condena a prisión perpetua para el ciudadano extraditado, en razón a que esta condena está excluida de nuestro ordenamiento jurídico, por mandato constitucional.

Advierte sobre casos de ciudadanos colombianos, y de un extranjero, extraditados a los Estados Unidos de América, a los que se les ha impuesto la pena de prisión perpetua, desconociendo los condicionamientos del país requerido para conceder una extradición. Agrega que, en otros casos, la imposición de altas penas a personas de edad avanzada constituye, en la práctica, la imposición de cadena perpetua.

Afirma que no existe garantía de que al señor **JEISON ARCHBOLD** no le ocurra lo mismo que a los ciudadanos por él señalados, por lo que insiste en que la decisión de conceder su extradición debe ser revocada.

Solicita el recurrente, de forma supletoria, que en caso de no revocar la decisión de extraditar a su representado, el Gobierno Nacional difiera su entrega hasta cuando se le juzgue en nuestro país y cumpla la pena que se le imponga, o hasta que por preclusión de la instrucción o sentencia absolutoria termine el proceso que por narcotráfico y tráfico de armas se le sigue en Colombia, respetándole así los derechos fundamentales a la defensa y contradicción, al debido proceso y a la presunción de inocencia.

5.    Que en relación con los argumentos expuestos en el recurso, el Gobierno Nacional considera:

Dentro del trámite de las solicitudes de extradición las autoridades estatales intervinientes tienen unas claras y precisas competencias, las cuales, en virtud del debido proceso que rige dicho trámite y del principio de legalidad, consagrados en el artículo 29 de la Constitución Política, no pueden ser desconocidas por ninguna de dichas autoridades.

Sobre el particular ha dicho la Corte Constitucional:

"La Corte Constitucional ha considerado que, "...*el debido proceso administrativo se ha definido como la regulación jurídica que de manera previa limita los poderes del Estado y establece las garantías de protección a los derechos de los administrados, de modo que ninguna de las actuaciones de las autoridades públicas dependa de su*

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL
es copia del original que reposa en los archivos
de este Ministerio

RESOLUCIÓN NÚMERO  . 238   DE

Hoja 4 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012".
--------------------------------------------------------------------------------------

*propio arbitrio, sino que se encuentren sujetas siempre a los procedimientos señalados en la ley. El debido proceso administrativo consagrado como derecho fundamental en el artículo 29 de la Constitución Política, se convierte en una manifestación del principio de legalidad, conforme al cual toda competencia ejercida por las autoridades públicas debe estar previamente señalada en la ley, como también las funciones que les corresponden y los trámites a seguir antes de adoptar una determinada decisión (C.P. arts. 4° y 122)." [1] (negrilla agregada)*

Así, y de acuerdo al actual estatuto procedimental penal, recibida una solicitud de extradición le compete al Ministerio de Relaciones Exteriores proferir un concepto sobre la normatividad que debe regir el trámite, a la Corte Suprema de Justicia emitir un pronunciamiento sobre la viabilidad de la extradición, y al Gobierno Nacional, cuando el concepto de la Corte es favorable, decidir en forma discrecional, sobre la concesión de la extradición solicitada.

En ese entendido, la competencia para revisar y estudiar el cumplimiento de los requisitos exigidos por la normatividad procesal penal para determinar la procedencia de una solicitud de extradición, recae **exclusivamente** en la Sala de Casación Penal de la Corte Suprema de Justicia.

En el presente caso, por tratarse de una solicitud de extradición procedente del Gobierno de los Estados Unidos de América, la Sala de Casación Penal de la Corte Suprema de Justicia, dentro de la etapa del trámite de extradición que se surte en esa Corporación, tenía asignada la labor de verificar el cumplimiento de los requisitos formales previstos en el artículo 502 de la Ley 906 de 2004, así como, de los presupuestos constitucionales establecidos a tal efecto.

A tal efecto la Corte debía revisar la *"validez formal de la documentación presentada"* por los Estados Unidos de América, la *"demostración plena de la identidad del solicitado"*, *"la doble incriminación"*, y la equivalencia de la providencia *proferida en el extranjero* con la resolución de acusación colombiana.

En esta oportunidad la Sala de Casación Penal de la Corte Suprema de Justicia encontró acreditados los requisitos formales que exige la ley para que sea procedente la extradición del ciudadano requerido por el cargo siete de la acusación No. 11-20026-CR-MOORE, dictada el 7 de enero de 2011 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Florida.

Revisado el concepto emitido por la Sala de Casación Penal, se observa que frente al cumplimiento del principio de la doble incriminación por parte de la solicitud de extradición presentada por el Gobierno de los Estados Unidos de América, y en

---

[1] Ver sentencia T-982 de 2004 M.P. Rodrigo Escobar Gil

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL
Es copia del original que reposa en los archivos
de esta Ministerio

RESOLUCIÓN NÚMERO 236 DE

Hoja 5 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012".

-------------------------------------------------------------------------------------

particular respecto del cargo siete de la acusación que motiva tal pedimento, la Alta Corporación judicial indicó:

*"4. Principio de doble incriminación*

*(...)*

*Dado que el **cargo siete** de la acusación que motiva el reclamo del ciudadano Jeison Archbold por las autoridades de los Estados Unidos de Norteamérica, comprende actividades directamente orientadas a pretender distribuir (se imputa en términos de lo que la traducción asimila a la tentativa) una sustancia estupefaciente en ese país, es decir, a actividades dirigidas a materializar el delito de narcotráfico y que dicha conducta está prevista por los arts. 376 del C.P.,(modificado por el art. 11 de la Ley 1453 de 2011) con una sanción de 128 a 360 meses (mínimo duplicado en términos del art. 384.3 del C.P.), sin que la sanción sea menor a cuatro años por tratarse de una conducta imputada en grado de tentativa (art 27 id.), de donde en relación con este cargo se satisface plenamente el principio de doble incriminación, como que el ciudadano Jeison Archbold no ha sido condenado en nuestro país por tal reato, como el propio apoderado lo indica al advertir que actualmente 'se defiende de los delitos de fabricación, tráfico y porte de armas de las fuerzas militares y tráfico, fabricación o porte de estupefacientes agravado'.". (subraya agregada)*

En relación con la equivalencia del "indictment" o acusación dictada el la autoridad judicial del Estado requirente con la resolución de acusación proferida en nuestro país, requisito exigido en los artículos 493 y 502 de la Ley 906 de 2004, el máximo Tribunal de la jurisdicción ordinaria señaló:

*"5. Equivalencia de la acusación en el sistema colombiano*

*Sobre este particular se tiene que, ciertamente, el pliego de cargos elevado por las autoridades judiciales de los Estados Unidos de Norteamérica, guarda correspondencia con la resolución acusatoria del sistema penal colombiano, entendida como aquella providencia que establece el marco jurídico y fáctico determinante del juicio, toda vez que contiene una narración precisa en sus aspectos fáctico, jurídico y personal de los comportamientos investigados, con un completo señalamiento de las circunstancias de lugar, tiempo, y modo que los especifican, y permite al requerido asumir su defensa con antelación al proferimiento de una sentencia.*

*"Siendo ello así, es un hecho que la delincuencia objeto de la acusación No. 11-20026-CR-MOORE dictada el 7 de enero de 2011 en la Corte*

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL
Es copia del original que reposa en los archivos
de este ministerio

RESOLUCIÓN NÚMERO 238 DE

Hoja 6 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva Nº 092 del 17 de abril de 2012".

---

*Distrital de los Estados Unidos para el Distrito Sur de Florida, dentro de la cual se materializan los cargos contra el reclamado en extradición emerge equivalente a la resolución de acusación del sistema procesal penal colombiano, satisfaciéndose, por ende, también, con este presupuesto".* (subraya agregada)

Examinada la evaluación jurídica que hizo la Sala de Casación Penal de la Corte Suprema de Justicia de la solicitud de extradición del señor **JEISON ARCHBOLD**, que comprende la verificación del cumplimiento de los requisitos previstos en el artículo 502 de la Ley 906 de 2004, además de la revisión de las causales de improcedencia, constitucionales, legales y/o convencionales, tal como le corresponde por ley, se observa que los planteamientos del recurrente carecen de sustento y por ende no pueden llevar al Gobierno Nacional a variar la decisión adoptada.

Adicionalmente, no es esta la oportunidad para controvertir lo manifestado por la Corte Suprema de Justicia en su concepto e insistir en obtener un nuevo pronunciamiento sobre un aspecto jurídico que ya fue objeto de estudio, pues no es procedente utilizar el recurso de reposición como un instrumento para desconocer el concepto emitido por la Sala Penal de la Corte Suprema de Justicia y convertir al Gobierno Nacional en instancia de revisión de las decisiones de esa Alta Corporación Judicial.

Sobre el particular, la Sala de Casación Penal de la Corte Suprema de Justicia en el concepto emitido el 29 de noviembre de 1983, con ponencia del doctor Alfonso Reyes Echandía, manifestó:

*"La intervención de esta Sala se concreta en lo sustancial a realizar una confrontación entre los documentos aportados por el Estado requirente y las normas del respectivo Convenio, o subsidiariamente de la legislación nacional, para determinar si se acomoda integralmente a estas en cuyo caso conceptuará favorablemente a la extradición, o no se aviene a ellas y entonces emitirá opinión adversa. Frente a ese pronunciamiento de la Corte, el Gobierno decidirá sobre el requerimiento de extradición en resolución que deberá ser negativa si así fue el concepto de la Corte, pero que puede ser favorable o desfavorable cuando dicha opinión sea positiva; en tal evento, la resolución gubernamental que niega la extradición ha de estar fundada en razones de <u>conveniencia nacional,</u> como lo precisa el inciso 2° del art. 748 del C. de P.P. aplicable como complemento de lo dispuesto en el No. 2° del art. 12 del Tratado que exige razonar la "denegación total o parcial de la solicitud de extradición". **Y es que si la Corte ha hecho ya en su concepto –como debe hacerlo– el examen jurídico de la cuestión, no es tarea del gobierno volver sobre ese aspecto y menos aún cimentar su decisión contraria a la extradición en consideraciones jurídicas***

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL
Es copia fiel del original que reposa en los archivos
de esta dependencia

Hoja 7 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012".

*opuestas a las que sirvieron a la Corte para emitir su concepto favorable; si así fuera, sobraría el pronunciamiento previo de la Sala, a mas de que se le estaría sometiendo a una instancia de revisión administrativa no prevista en ley ni tratado alguno. Es innegable, clara y necesaria –desde luego- la potestad gubernamental para optar por conceder o negar la extradición pedida cuando el concepto de la Corte es favorable, pero se trata de una decisión política en cuanto autónoma y ligada solamente a consideraciones soberanas de conveniencia nacional; sólo así se respetan las órbitas judicial y administrativa que armoniosamente concurren en el examen y decisión de esta materia".* (negrilla agregada)

Así las cosas, no le está atribuido al Gobierno Nacional, como al parecer lo espera el abogado defensor, apartarse, a través de la resolución de un recurso reposición, de los conceptos y la interpretación que hace la Corte Suprema de Justicia sobre determinados aspectos jurídicos dentro del trámite de una solicitud de extradición. Todo lo contrario, antes que intentar contradecirlos o revaluarlos, le sirven al Gobierno Nacional como sustento jurídico para adoptar una decisión, esencialmente discrecional, que involucra aspectos jurídicos los cuales no pueden ser desconocidos.

.- Respecto al cuestionamiento del defensor indicativo de que la solicitud de extradición versa sobre un delito cuya pena máxima, en el Estado requirente, es la prisión perpetua, es pertinente señalar que el Gobierno Nacional consciente de esa situación ha condicionado su entrega a que el país requirente se comprometa, formalmente, a que en caso de hallarlo culpable del cargo por el cual se concede su extradición, no le sea impuesta dicha pena.

Así, en el artículo tercero de la Resolución Ejecutiva No. 092 del 17 de abril de 2012, el Gobierno Nacional sujetó la entrega de este ciudadano al compromiso previo del Gobierno de los Estados Unidos de América de no someterlo a "*desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua o confiscación, conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política*".

Lo anterior, de conformidad con lo ordenado por el inciso segundo del artículo 494 de la Ley 906 de 2004.

Cabe señalar que la Sala de Casación Penal de la Corte Suprema de Justicia, en concepto emitido el 25 de abril de 2007, se pronunció sobre este tema en los siguientes términos:

"*En torno a esas particulares consideraciones la Corte debe señalar que el derecho a la vida es inviolable y la pena de muerte está proscrita al igual que la prisión perpetua, por expresa disposición de los artículos 11*

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL

RESOLUCIÓN NÚMERO   238   DE

Hoja 8 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012".

--------------------------------------------------------------------------------

*y 34 del canon superior. Pese a ello, ningún quebrantamiento al ordenamiento jurídico patrio genera que la Sala emita concepto favorable a la extradición, aún en circunstancia como las que destaca el defensor. (...)*

*"Ahora, la situación que determina la petición de la defensa, consistente en que las conductas atribuidas a … están sancionadas en los Estados Unidos con penas privativas de la libertad que pueden llegar a la prisión perpetua e incluso a la imposición de la pena de muerte, ha sido prevista y reglamentada por el legislador en el inciso 2° del artículo 512 del código de procedimiento penal.*

*"La Corte Constitucional al pronunciarse sobre la constitucionalidad del inciso 2° del artículo 550 del código de procedimiento penal (Decreto 2700 de 1991), cuyo contenido reprodujo el inciso segundo del aludido artículo 512 señaló que*

*'Así pues, si se concede la extradición, no sólo habrá de entenderse que en caso de que exista en el Estado requirente la pena de muerte, la entrega se hará bajo la condición de la conmutación de ésta, sino, también bajo el entendido de que al extraditado no se le podrá someter ni a torturas, ni a tratos o penas crueles, ni a desaparición forzada, ni a tratamiento degradante e inhumano, razón por la cual así habrá de condicionarse la constitucionalidad que se declara del artículo 550 del Código de Procedimiento Penal.'[2]*

***Como sin ninguna dificultad se advierte, nuestro ordenamiento jurídico permite a través de la disposición referida cuya constitucionalidad fue declarada bajo los condicionamientos a que alude la decisión transcrita, la entrega de nacionales aun cuando se les endilguen conductas sancionadas con pena de prisión perpetua o de muerte. Siendo así, si la Sala emite su concepto con estricta sujeción a su competencia reglada, así sea favorable a la extradición, en manera alguna vulnera la Constitución Política o la legislación interna"[3].*** (negrilla agregada)

Conforme a lo expuesto por la Sala de Casación Penal de la Corte Suprema de Justicia en el concepto citado y parcialmente transcrito, es claro para el Gobierno Nacional que la ley procesal penal, sin contradecir precepto constitucional alguno, autoriza la extradición por delitos que en el país requirente tengan como sanción la pena de prisión perpetua, siempre y cuando se obtenga el compromiso expreso y

--------------------------------------------------------------------------------

[2] CORTE CONSTITUCIONAL. Sentencia C-1106 de 2000. Agosto 24 de 2000.
[3] CORTE SUPREMA DE JUSTICIA. Sala de Casación Penal. Concepto de abril 25 de 2007. Trámite de extradición de José Hernando Rodríguez Erazo.

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARÍA GENERAL
Es copia del original que reposa en los archivos
de este ministerio

RESOLUCIÓN NÚMERO 238 DE

Hoja 9 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva N° 092 del 17 de abril de 2012".

---

formal del Gobierno solicitante de que dicha sanción no le será impuesta al ciudadano extraditado.

.- En relación con la petición del recurrente de aplazar la entrega del ciudadano requerido hasta tanto culmine el proceso penal que se le sigue en Colombia por los delitos de fabricación, tráfico y porte de armas de uso Privativo de las fuerzas militares en concurso con tráfico, fabricación o porte de estupefacientes, el Gobierno Nacional, en ejercicio de la potestad discrecional que le otorga el artículo 504 de la Ley 906 de 2004, se abstendrá de acceder a ella.

Lo anterior, por cuanto la extradición de un ciudadano contra el cual cursa proceso penal en Colombia, no constituye, contrario a lo afirmado por el recurrente, desconocimiento de sus derechos de defensa, contradicción, debido proceso o a la presunción de su inocencia, por cuanto el ordenamiento procesal penal colombiano le garantiza que en el proceso que se le sigue en nuestro país estará representado en todo momento, bien sea por un abogado que libremente designe o, en su defecto por el que le sea asignado por el sistema nacional de defensoría pública, quienes podrán hacer uso de todas las herramientas que le brinda el Código de Procedimiento Penal para ejercer cabalmente la defensa de sus intereses.

En el mismo sentido, es preciso señalar que las autoridades judiciales colombianas disponen de mecanismos de cooperación judicial internacional a través de los cuales se pueden y deben continuar las investigaciones, juzgar y sancionar a los responsables de las conductas punibles, con la recepción de declaraciones, testimonios, traslado de documentos y en general, la obtención de material probatorio de interés en el curso de los procesos penales.

De conformidad con lo expuesto, el Gobierno Nacional en ejercicio del poder discrecional que le otorga la ley, mantendrá la decisión de entregar al ciudadano requerido una vez el Estado requirente ofrezca el compromiso formal de acatar los condicionamientos impuestos para la extradición.

Por lo expuesto,

## RESUELVE:

**ARTÍCULO PRIMERO:** Confirmar la Resolución Ejecutiva N° 092 del 17 de abril de 2012, por medio de la cual se concedió la extradición del ciudadano colombiano **JEISON ARCHBOLD**, de conformidad con lo señalado en la parte motiva de esta resolución.

**ARTÍCULO SEGUNDO:** Ordenar la notificación de la presente decisión al ciudadano requerido o a su apoderado, haciéndole saber que contra ésta no procede recurso alguno, quedando así agotada la vía gubernativa.

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARIA GENERAL
Es copia del original que reposa en los archivos
de esta Secretaría

RESOLUCIÓN NÚMERO _____ DE _____

238

Hoja 10 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución
Ejecutiva Nº 092 del 17 de abril de 2012".
------------------------------------------------------------------------------------------------------------

**ARTÍCULO TERCERO:** Ordenar el envío de copia del presente acto administrativo
a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos
Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones
Exteriores, al Juzgado Único Penal del Circuito Especializado de Cartagena, y al
Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO CUARTO:** La presente Resolución rige a partir de la fecha de su
notificación.

   **Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su
apoderado, **comuníquese** al Ministerio de Relaciones Exteriores, a la autoridad
judicial y a la Fiscalía General de la Nación, y **cúmplase**.

Dada en Bogotá, D.C. a

26 JUN 2012

EL MINISTRO DE JUSTICIA Y DEL DERECHO,

JUAN CARLOS ESGUERRA PORTOCARRERO

MINISTERIO DE JUSTICIA Y DEL DERECHO
SECRETARÍA GENERAL
Es copia del original que reposa en los archivos
de este Ministerio