UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-20026-CR-MOORE

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

JEISON ARCHIBOLD,
    Defendant.

### *DEFENDANT'S MOTION TO SEVER TRIAL*

COMES NOW, the defendant, by and through undersigned counsel pursuant to Federal Rule of Criminal Procedure 14 and moves this Honorable Court to sever his trial from that of co-defendant Fausto Aguero Alvarado and as grounds in support thereof would state the following:

1.     Jeison Archibold and co-defendant Fausto Aguero Alvarado are set to be tried together on an Indictment before this Court on December 3, 2012.

2.     Fausto Aguero Alvarado has asserted a public authority defense (DE-44). Fausto Aguero Alvarado is not denying that he committed the acts he is indicted for, he is asserting that the United States authorized his conduct. Mr. Aguero Alvarado is poised to testify that Mr. Archibold and others were involved in the cocaine trade and that the cocaine was indeed headed to the United States.

3.     Jeison Archibold is not asserting a public authority defense, and his defense at

trial will be that the government cannot prove the elements of Count 7, Attempt To Distribute Cocaine With Knowledge That It Will Be Imported Into The United States in violation of Title 21 United States Code, Section 963.  The elements in dispute in Mr. Archibold's trial will be that (1) Mr. Archibold attempted to distribute the cocaine and (2) Mr. Archibold had knowledge that the cocaine was going to be imported into the United States.

4. As a result the defenses are antagonistic to the point of being mutually exclusive.

5. This motion is being filed at this date due to undersigned counsel being in trial in United States District Court in Maryland from September 11-November 1, 2012. (*United States v. Keegan Leahy, et. al.* 10-777-Cr-Titus).

## Memorandum of Law

In *Zafiro v. United States* 506 U.S. 534 (1993), the Supreme Court held that Rule 14 does not require severances as a matter of law whenever the defendants' defenses are antagonistic.  Since *Zafiro*, the Eleventh Circuit has held that in order to obtain a severance on the basis of antagonistic defenses the movant must show that the defenses are antagonistic to the point of being mutually exclusive.  *United States v. Knowles,* 66 F.3d 1146 (11th Cir. 1995).

Here Archibold's defense is that he was not involved in this attempt to distribute 442 kilograms of cocaine and that the cocaine was not intended to be

imported into the United States. Aguero Alvarado's defense is that he was working as an informant for the United States in the charged cocaine conspiracy with Archibold and others and that the charged conspiracy included the 442 kilograms of cocaine that form the basis of Count 7. To make the defenses further antagonistic, the fact that the United States government authorized Aguero Alvarado to infiltrate the charged conspiracy to thwart cocaine from entering the United States directly conflicts with Mr. Archibold's position that this cocaine was not going to enter the United States.

In the event a severance was granted, none of Aguero Alvarado's defense would be admitted in a trial against Mr. Archibold as the government is denying that Aguero Alvarado was in fact an informant during the period of the charged conspiracy.

As such, a severance is required.

WHEREFORE the defendant respectfully requests this Honorable Court grant his motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 11th day of November 2012.

Respectfully submitted:
The Law Office of Gennaro Cariglio Jr.
10800 Biscayne Blvd. Suite 900
Miami, Florida 33161

      (305) 899-0438

      By:

        <u>s/Gennaro Cariglio Jr.,</u>
        Gennaro Cariglio Jr.
        Florida Bar Number 51985
        Attorney for the Defendant