UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20026-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FAUSTO AGUERO ALVERADO,

       Defendant.

_____

## OMNIBUS ORDER

This matter is before the Court on the remaining pending motions that were filed in the case. The Court has considered the motions, responses, replies, and the argument of counsel at a hearing held on these motions on March 6, 2013. For the reasons that follow, the Court's rulings follow.

    **A.**    ***Motion in Limine to Preclude Expert Witness [D.E. 110]***

On January 7, 2011, the Government indicted Defendant for his participation in a drug and gun smuggling conspiracy. [D.E. 1]. On June 12, 2012, Defendant filed a Notice of Intent to Rely on Public Authority Defense. [D.E. 44]. Based on this defense, Defendant asserts that he acted under the authority of the government at all times relevant to the Indictment and, as a result, he is innocent of (or immune from prosecution for) this alleged conspiracy.

The Court's accompanying Order on the government's Motion in Limine to Preclude or Limit Public Authority Defense sets forth its analysis on the viability of Defendant's defenses with respect to his former role as a DEA informant. The Court incorporates that analysis here, but in short the Court found that a public authority or entrapment by estoppel affirmative defense was not viable because Defendant proffered no evidence of an actual direct communication from a federal government agent authorizing the specific conduct at issue in this indictment. Nor has Defendant shown that any reliance on his part, given these circumstances, was reasonable. As a result, any public authority or entrapment by estoppel defense he sought to introduce at trial was legally insufficient. The Court distinguished these affirmative defenses from the general defense he can present as to his state of mind that emanated from his role as a DEA informant. This "innocent intent" defense can be viable given what is known in the record at this stage. The government's motion in limine to preclude Defendant's defenses was thus Granted in part and Denied in part based on this reasoning.

Based upon this analysis, the Court turns to a related motion filed by the government, the pending motion to exclude or limit any expert testimony at trial related to DEA practices and procedures. Specifically, this motion argues that Defendant will seek to introduce expert testimony regarding the DEA's manuals and procedures on the handling of confidential sources through the testimony of a former DEA official – Michael Levine – who will opine on the "best practices and procedures" in handling the Defendant were not followed in this case.

In the Eleventh Circuit, the proponent of expert testimony must show that: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1291-92 (11th Cir. 2005); *United States v. Frazier,* 387 F.3d 1244, 1260-63 (11th Cir. 2004) (en banc); *City of Tuscaloosa v. Harcros Chems., Inc.,* 158 F.3d 548, 562-63 (11th Cir. 1998) (citing *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993)).

The burden of laying the proper foundation for expert testimony rests on the party offering the expert, and admissibility must be shown by a preponderance of the evidence. *E.g., Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1306 (11th Cir. 1999). In addition to the *Daubert* analysis, the Court must apply all of the Federal Rules of Evidence, including 402 and 403, to expert testimony. *Allison,* 184 F.3d at 1309. "The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Id.* at 1311-12. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Only relevant evidence is admissible under Rule 402. Finally, pursuant to Rule 403, "[a]lthough relevant, evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Focusing on the third consideration recognized in this Circuit, the trial court has discretion to exclude evidence which will not assist the trial of fact to understand the evidence or determine a fact in issue. *See, e.g., United States v. Henderson,* 409 F.3d 1293, 1304 (11th Cir. 2005) (affirming exclusion of expert witness on police practices because "the issue in this case was not whether it was proper police procedure for an officer to place his service weapon out of reach before engaging a suspect in a physical confrontation, but whether or not Henderson actually did so."). Even expert testimony that is generally reliable can be excluded if there is no logical connection between the expert testimony and the fact at issue in the case. *See Daubert,* 509 U.S. at 591; *Allison,* 184 F.3d at 1311-12 ("The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value.").

Given the Court's conclusion as to the viability of the public authority or entrapment by estoppel affirmative defenses, which analysis is incorporated herein by reference, Defendant has failed to show that any testimony regarding DEA "best practices" in the handling of its informants will be helpful to the trier of fact in this case. To the contrary, the Defendant's state of mind may be relevant under the "innocent intent" theory recognized in this Circuit, but clearly under Rule 704(b) expert testimony on a criminal defendant's state of mind must be excluded.

And because that is the only possible relevance that any DEA best practices expert may have in this case, the government's motion to exclude such testimony must be granted. Defendant cannot show that such testimony can possibly helpful to the trier of fact or admissible under Rule 702. There is no logical connection between the proffered testimony and the issues that are relevant to this case. Therefore, they should be excluded. The motion will be Granted to preclude Defendant's DEA expert from testifying at trial.

### B. *Motion in Limine to Preclude Admission of Emails [D.E. 130]*

The government's related motion in limine seeks to preclude admission of DEA emails between and among DEA agents and/or Defendant. Specifically, the motion seeks to exclude various emails involving Defendant's own communications with DEA agents, or communications between and among DEA agents, as not relevant under Rule 402, as self-serving inadmissible hearsay under Rule 802, and as inadmissible under Rule 403, due to the confusion and undue prejudice that the emails will cause. These emails were produced by the government to the defense in discovery, and involve, primarily, DEA agents discussing defendant's purported cooperation efforts with the DEA during time-periods that pre-date the charged conduct in this case.

The government's motion relies in great deal on the arguments raised in the motion to preclude the public authority and entrapment by estoppel defenses. But in short, the government argues that the admission of these emails appears to be aimed first at advancing defendant's public authority defense but without laying the proper foundation for this defense. The emails, and more importantly the details and nature

of defendant's cooperation with the DEA prior to the charged conduct in this case, are claimed to be irrelevant.

Though the Court's Order on the government's broader motion on the public authority defenses generally agrees with much of the government's argument, that motion was Denied because the innocent intent defense remains viable and allows overlapping evidence to be introduced to support Defendant's state of mind defense. The types of emails at issue in this particular motion may indeed be, arguably, relevant to that defense. At the very least, the wholesale exclusion of all such emails is not warranted given the possible relevance that individual emails may have to Defendant's contention that he did not consider himself to be acting outside the scope of his existing informant obligations.

Certainly, hearsay issues will undoubtedly arise with respect to many of these emails. But the decision to exclude particular emails on this basis should be made by the trial judge, not on a sweeping motion in limine. And because these emails may indeed be relevant to a viable defense that Defendant may introduce at trial, a broad exclusion order is not appropriate, even though we agree that the specific public authority and estoppel affirmative defenses have not been shown to have any merit at this juncture. The pending motion in limine will thus be Denied without prejudice to any particular objection to specific documents at trial.

### C. *Motion to Compel [D.E. 157]*

The final pretrial motion pending on the docket is the government's recent motion to compel Defendant to identify particular documents that he intends to rely

upon in support of the public authority defense. Specifically, the government argues that Defendant has withheld production or identification of any such documents in support of his affirmative defenses because, Defendant contends, he may not use them in his affirmative defense case-in-chief, but instead may utilize them on cross-examination during the government's case.

Given that we deem the public authority defense per se legally insufficient, the pending issues in the motion to compel are largely moot. Clearly, to the extent that Defendant intends to rely upon the government's documents in defense of his state of mind, no further production or identification of documents would seem necessary. After all, the great majority of these documents were produced by the government initially. But clearly the issues raised in the motion are now moot where only defenses, and not affirmative defenses, will be available at trial. Therefore, the motion is Denied as moot.[1]

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of April, 2013.

                                                         */s/ Edwin G. Torres*
                                                        EDWIN G. TORRES
                                                        United States Magistrate Judge

---

[1] No dispositive relief is being entered herein. Nevertheless, objections to a non-dispositive Order may be filed under Local Rule 4(a) and Fed.R.Crim.P. 59. The Court finds good cause to expedite any objections with the District Judge to any aspect of this Order, which shall be filed no later than April 17, 2013. Failure to file timely objections waives a party's right to review before the District Judge, and bars the parties from attacking on appeal any legal rulings and factual findings contained herein. *See* Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).